**CIRCUIT COURT OF THE CITY OF FREDERICKSBURG**

James C. Reynolds

v.

Gloria Renee Williams

April 29, 1983

By JUDGE JOHN A. JAMISON

I am convinced that this controversy resolves itself into whether or not the Defendant had actual notice of the proceeding, and the nature thereof, against her.
Code Section 8.01-288 states:

> Except for process commencing actions for divorce or annulment of marriage, *process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.* (Italics added)

Miss Williams admits that she was in receipt of the service of process and had actual knowledge of the case. Even without such admission, she appeared in Court in response to such service, although judgment had been entered after the case was called on the docket, because the Defendant was late in arriving. The Sheriff advised the Defendant that her case had been concluded and that the Plaintiff had departed some half-hour earlier.
Notice had been sent in view of the original posting of the process at the last known address of the Defendant's father at 212 Wolfe Street in Fredericksburg. The Defendant stated that she had never resided at that address, although she did visit her father with at least some frequency. She stated that her address was with her mother in Washington. The actual fixing of domicile presents some difficulty. The

Defendant was a minor at the time of the accident. Her family relationship with her father and the fact that the accident occurred here, presumably while visiting him, would logically cause one to suspect that at least to some extent the Defendant did feel at home with her father, though domicile can only exist in one locality. A good portion of the Defendant's argument was lack of domicile in Fredericksburg. I do not consider that decisive, however, in view of the fact that someone took the posted process and turned it over to the Defendant, following which she actually did appear in Court either in response thereto or to the mailed notice of Plaintiff's intended appearance to move for judgment.

Even if she had not actually received the process, it would seem to me that actual notice of the proceeding as shown by her physical presence in Court, though tardy, would have met due process requirements.

It, therefore, seems clear that basing its decision on the facts of the case and my interpretation of the statute set out above, I would have no alternative but to find for the Plaintiff, on the evidence presented.

Accordingly, the motion of the Defendant to set aside the judgment for the Plaintiff must be denied.